# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## KALAMAZOO DIVISION

| | |
|---|---|
| SHAUNA GALEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 1:19-cv-01093<br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Now Comes Plaintiff, SHAUNA GALEA, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

### I.  Parties, Jurisdiction and Venue

1.  Plaintiff SHAUNA GALEA ("Plaintiff") is a resident of Trenton, Michigan and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.  Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3.  MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4.  MCM collects defaulted owned by Midland Funding, LLC ("Midland").

5.  Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

6.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8.     Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9.     Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.     Background Allegations**

**A.  The Subject Debt**

10.     Plaintiff obtained credit (the "Subject Debt") for personal and household expenses from GE Capital Retail Bank R Us ("GE Capital").

11.     The Subject Debt, an amount of $539.58, fell into a default status.

12.     Thereafter, Midland purchased the Subject Debt from GE Capital.

13.     After Midland obtained the Subject from G.E. Capital, MCM attempted to collect the Subject Debt on behalf of Midland.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

15.     On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to MCM the right to collect accounts in the form of "receivables."

**B. MCM's Collection Efforts Relative to the Subject Debt**

16.     In an attempt to collect the Subject Debt, within one year from the filing of this lawsuit, MCM sent at least one collection letter to where the letter was mailed to Plaintiff inside of a white envelope that stated "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font (hereafter the "Time Sensitive Document Envelope" or "Envelope").

17.     When Plaintiff received the Time Sensitive Document Envelope, she noticed the Envelope said "**TIME SENSITIVE DOCUMENT**" in bold, fully capitalized font.

18.     After reading the words, "Time Sensitive Documents" on the face of the Envelope, Plaintiff immediately opened the Envelope.

19.     Plaintiff immediately opened the Time Sensitive Document Envelope in order to examine the letter contained inside of it that reportedly was time sensitive.

20.     In an attempt to collect the Subject Debt, MCM has mailed a letter to Plaintiff dated 09/18/2019 (the "09-18-2019 Letter").

21.     A image of the 09-18-2019 Letter is depicted below[1]:

---

[1] The payment stub at the bottom of the letter is not show in the above image.



22.  The 09-18-2019 Letter started out by saying "Midland Credit Management gives you options to manage your account: make an online payment at MidlandCredit.com or call (800)282-2644. Whatever one you choose, we are offering you these fantastic savings below:" (the "Opening Line").

23.  The 09-18-2019 Letter identified a "Current Balance" of $539.58 and described two payment options.

24. "OPTION 1" identified "40% OFF" the Subject Debt and said, "You Pay ONLY: $323.75."

25. Payment Option 1 identified "Payment Due Date: 10-18-2019."

26. Payment Option 1 was printed in font larger than the size of the font quoted the font used in the Opening Line.

27. Option 1 was emphasized over an orange formatted background.

28. "OPTION 2" indicated "20% OFF" the Subject Debt and identified a payment amount of "6 Monthly Payments of: $71.94.

29. Payment Option 2 said "First Payment Due Date: 10-18-2019".

30. Payment Option 2 was printed in font larger than the size of the font used in the Opening Line.

31. Option 2 was emphasized over a green formatted background.

32. Below Option 2, the 09-18-2019 Letter said "Visit MidlandCredit.com or Call (800) 282-2644 Now" in font larger than the size of the font quoted in the Opening Line.

33. The body of the 09-18-2019 Letter concluded by saying, "Let's put this debt behind you. Visit MidlandCredit.com, or call (800)282-2644, to pay off your account and regain your financial freedom!"

34. Below the body of the 09-18-2019 Letter is the electronic signature of Tim Bolin, Defendant's purported Division Manager.

35. At least two inches below Mr. Bolin's signature is the phrase "We are not obligated to renew any offers provided" (the "Renewal Disclosure").

36. Between Mr. Bolin's signature, and the "Renewal Disclosure" is almost two inches of blank space.

### III. Causes of Action

### Count I – Individual Claim
### The Time Sensitive Document Envelope Violates Section 1692f(8) of the FDCPA

37.     Plaintiff realleges the above paragraphs as though fully set forth herein.

38.     Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39.     Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

40.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

41.     As alleged above, Plaintiff immediately opened the Time Sensitive Envelope because it contained the words "**TIME SENSITIVE DOCUMENT**".

42.     MCM has determined that it collects more money from consumers when it sends collection letters inside of Envelopes that contain the words "**TIME SENSITIVE DOCUMENT**".

43.     MCM's violation of Section 1692f(8) through its transmission of debt collection letters to consumers inside of envelopes that contain the words "**TIME SENSITIVE DOCUMENT**" unfairly puts MCM ahead of its competitors in the debt collection industry.

44.     On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Document Envelopes than envelopes that do not contain the words "**TIME SENSITIVE DOCUMENT**".

45.     The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA because these words intended to create, and did create, a false sense of urgency with regard to Plaintiff's perception of MCM's collection efforts relative to the Subject Debt.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

   a. declare that Defendant's use of the Time Sensitive Document Envelope violates the FDCPA;

   b. enjoin Defendant from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

   c. award Plaintiff statutory damages of up to $1,000; and

   d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

### Count II – Class Action Claim
### MCM's Widespread Use of the Time Sensitive Documents Envelope Violates §1692f(8)

46.     Plaintiff realleges the above paragraphs as though fully set forth herein.

47.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

48.     MCM routinely attempts to collect consumer debts in this District by mailing collection letters inside of Time Sensitive Document Envelopes in an attempt to cause recipients to open the Envelopes, read the enclosed letter and call MCM to discuss the underlying debt.

49.     MCM's use of the phrase "**TIME SENSITIVE DOCUMENT**" on the Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

50. The Time Sensitive Document Envelope's use of the words "**TIME SENSITIVE DOCUMENT**" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

51. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Document Envelope.

52. MCM's use of the Time Sensitive Document Envelope satisfy the elements of typicality, commonality, predominance and superiority.

53. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

54. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a GE Capital Retail Bank R Us account and the collection letters were mailed inside of envelopes containing the words "**TIME SENSITIVE DOCUMENT**".

55. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject Envelope or letter from the above identified creditor.

56. The proposed class can be defined by MCM's records.

57. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of Time Sensitive Document Envelope violates the FDCPA;

b. enjoin Defendant from using the Time Sensitive Document Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count III – Individual Claim
## The 09-18-2019 Letter Violates Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA

58.     Plaintiff realleges Paragraphs 3, 14 and 21 through 36 as though fully set forth herein.

59.     The two payment options disclosed on the face of the 09-18-2019 Letter were formatted and designed by Defendant to create a sense of urgency with consumers like Plaintiff upon reading the settlement options.

60.     The location of the Renewal Disclosure is at least two inches away from the two payment options.

61.     Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure just above the payment stub of the collection letter that was being discussed before the Seventh Circuit Court of Appeals.

62.     Defendant represented to the Seventh Circuit Court of Appeals that it *purposefully* placed the Renewal Disclosure just above the payment stub of the subject collection letter to help highlight this language to recipients.

63.     According to Defendant, the proximity of the Renewal Disclosure helps explains to consumers that Defendant is "not obligated to renew any offers provided."

64. Defendant's placement of the Renewal Disclosure two inches below the two discounted payment options listed on the 09-18-2019 Letter violates Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

65. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a "false representation of – (2) the character, amount or legal status of any debt[.]"

66. Defendant's placement of the Renewal Disclosure two inches below the two payment options violates 1692e(2)(A) because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure constitutes a false representation of the character of the Subject Debt.

67. Defendant's placement of the Renewal Disclosure two inches below the two payment options violates 1692e(2)(A) because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure constitutes a false representation of the amount of the Subject Debt.

68. Defendant's placement of the Renewal Disclosure two inches below the payment options violates Section 1692e(2)(A) because the location and small font size of the Renewal Disclosure (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure.

69. Section 1692e(10) of the FDCPA prohibits a debt collector from "us[ing] of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

70. Defendant's placement of the Renewal Disclosure two inches below the two payment options violates 1692e(10) because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure constitutes a false representation or deceptive means to collect or attempt to collect the Subject Debt.

71.    Defendant's placement of the Renewal Disclosure two inches below the payment options violates Section 1692e(10) because the location and small font size of the Renewal Disclosure (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure.

72.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

73.    Defendant's placement of the Renewal Disclosure two inches below the two payment options violates 1692f because the formatting and wording of the Letter in relation to the location of the Renewal Disclosure constitutes unfair or unconscionable means to collect or attempt to collect the Subject Debt.

74.    Defendant's placement of the Renewal Disclosure two inches below the payment options violates Section 1692f because the location and small font size of the Renewal Disclosure (in comparison to the two payment offers) constitutes visual overshadowing of any purported disclosure or information that that Defendant is attempting to convey to a consumer by its use of the Renewal Disclosure.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of the 09-18-2019 Letter and the placement of the Renewal Disclosure violates the FDCPA;

b. enjoin Defendant from using the 09-18-2019 and the current the placement of the Renewal Disclosure in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Individual Claim**
**Defendant's Mailing of Discount Settlement Offers Inside of "Time Sensitive" Document Envelopes Violates Sections 1692e(2)(A), 1692e(10) and 1692f  of the FDCPA**

75. Plaintiff realleges Count III as though fully set forth herein.

76. Within the year prior to filing this suit, Defendant mailed Plaintiff discounted payment option letters similar to the 09-18-2019 Letter where the letters: (a) contained discounted payment options of 40% and 20% off; (b) the payment option letters identified payment deadlines of less than a month from the transmission dates; (c) the payment option letters were formatted to identify the Renewal Disclosure in a similar position (inches below the discounted payment options); and (d) at least one of the payment option letters letter were sent inside of an envelope containing the words "**TIME SENSITIVE DOCUMENT**".

77. Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on the transition envelope was intended to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case because discounted settlement offers are arguably renewed over time.

78. Defendant's placement of the Renewal Disclosure in a similar position, inches below the discounted payment options, was intended to visually overshadow the Renewal Disclosure to cause consumers like Plaintiff to believe that the discounted payment options were "time sensitive" in nature when this is not truly the case.

79. Accordingly, Defendant's placement of the Renewal Disclosure two inches below the two discounted payment options listed on similar discounted payment options letters sent to Plaintiff inside of an envelope containing the words "**TIME SENSITIVE DOCUMENT**" violates Sections 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of the Time Sensitive Document Envelope and the placement of the Renewal Disclosure violates the FDCPA;

b. enjoin Defendant from using the Time Sensitive Document Envelope and the location of the Renewal Disclosure in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – Class Action Claim**
**MCM's Widespread Use of the Discounted Payment Letters Violates**
**Section 1692e(2)(A), 1692e(10) and 1692f of the FDCPA**

80. Plaintiff realleges Count III as though fully set forth herein.

81. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where: (a) the collection letter was worded and formatted to convey discounted payment options similar to the 09-18-2019 Letter; and (b) the letters were formatted to cause the Renewal Language to be placed in a similar position as the 09-18-2019 Letter, approximately two inches away from the identified discounted payments.

82. MCM's formatting and use of similar collection letters satisfy the elements of typicality, commonality, predominance and superiority.

83. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

84. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a GE Capital Retail Bank R Us account, the collection letters identified two discounted payment options and the letters contained Renewal Language that was placed approximately two inches away from the identified discounted payments.

85. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40

class members who received the subject Envelope or letter from the above identified creditor.

86. The proposed class can be defined by MCM's records.

87. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of form discounted payment option letters and the placement of the Renewal Disclosures violates the FDCPA;

b. enjoin Defendant from using similarly formatted discounted payment option letters in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Documents Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Claim**
**Defendant's Mailing of Discount Settlement Offers Inside of "Time Sensitive"**
**Document Envelopes Violates Sections 1692e(2)(A), 1692e(10) and 1692f of the**
**FDCPA**

88. Plaintiff realleges Count IV as though fully set forth herein.

89. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection letter by MCM where: (a) the collection letter was worded and formatted to convey discounted payment options similar to the 09-18-2019 Letter; (b) the letters were formatted to cause the Renewal Language to be placed in a similar position as the 09-18-2019 Letter, approximately two

inches away from the identified discounted payments; and (c) the letters were mailed inside of Time Sensitive Document Envelopes.

90.    MCM's formatting and use of similar collection letters along with the transmission of the letters inside of Time Sensitive Document Envelope satisfy the elements of typicality, commonality, predominance and superiority.

91.    On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

92.    Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a GE Capital Retail Bank R Us account, the collection letters identified two discounted payment options, the letters contained Renewal Language that was placed approximately two inches away from the identified discounted payments and the letters were mailed inside of Time Sensitive Document Envelopes.

93.    The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.  The class is subject to amendment if there are less than 40 class members who received the subject Envelope or letter from the above identified creditor.

94.    The proposed class can be defined by MCM's records.

95.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that Defendant's use of form discounted payment option letters, the placement of Renewal Disclosures and the mailing of letters inside of Time Sensitive Document Envelopes violates the FDCPA;

b. enjoin Defendant from using form discounted payment option letters, the current placement of Renewal Disclosures and the

mailing of letters inside of Time Sensitive Document Envelopes in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Document Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Dated: 12/27/2019

Respectfully submitted, on behalf of

Plaintiff SHAUNA GALEA individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630)581-5456
jvlahakis@sulaimanlaw.com